*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

In re VALENTIN/LEONARD, Minors.

UNPUBLISHED
June 13, 2024

No. 367473
Macomb Circuit Court
Family Division
LC Nos. 2023-000120-NA;
          2023-000121-NA;
          2023-000122-NA

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's July 31, 2023 order after preliminary hearing which continued the removal of respondent's children, PV, BLL, and BRL, from respondent's care as originally ordered by the trial court on July 26, 2023. On appeal, respondent argues that trial counsel provided ineffective assistance of counsel in violation of respondent's right to due process. For the reasons stated in this opinion, we affirm.

## I. FACTUAL BACKGROUND

On July 26, 2023, the Department of Health and Human Services (DHHS), petitioned that the trial court take jurisdiction over PV, BLL, and BRL under MCL 712A.2(b)(1) and (2), remove the children from respondent-mother's care.[1] Furthermore, the DHHS requested to terminate respondent's parental rights to the children under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury or abuse), (*ii*) (parent failed to prevent physical injury or abuse), (j) (reasonable likelihood that children will be harmed if returned to parent), and (k).[2] The petition alleged that

---

[1] The biological fathers were respondents to the initial petition but neither are a party in this appeal. Therefore, only mother will be referenced as respondent for the duration of this opinion.

[2] MCL 712A.19b(3)(k) provides for the termination of a parent's rights to a child when the parent abused the child or a sibling of the child, there is a reasonable likelihood that the child will be harmed if returned to the parent, and the parent's abuse of the child included 1 or more of the

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

on numerous occasions in June and July 2023, respondent brought BRL to various medical providers reporting concerns that were not shared by the medical providers. Specifically, that an MRI of BRL's brain indicated findings of nonspecific trauma, and the medical team could not rule out nonaccidental trauma as a cause of BRL's injuries. Additionally, respondent provided false information to hospital staff to make BRL appear sicker than he actually was. DHHS stated that reasonable efforts were made to prevent or eliminate the need for removal of the children from respondent's care. The trial court issued an ex parte order to take respondent's children into protective custody under MCR 3.963(B) and scheduled the matter for a preliminary hearing.

Following the preliminary hearing, the trial court entered an order which authorized the petition and continued the children's placement outside of respondent's care. The trial court found that it was contrary to the welfare of the children to remain in respondent's care because BRL was diagnosed with brain bleeds in various stages which occurred after BRL's birth, raising concerns that the brain bleeds were caused by multiple episodes of abusive head trauma. This coupled with the fact that respondent repetitively sought medical attention for BRL under false pretenses, gave the trial court reason to believe that the children remaining in respondent's care presented a substantial risk to the children's lives, physical health, and mental well-being. The trial court found that reasonable efforts were made to prevent or eliminate the removal of respondent's children from her care and that no provision of service or arrangement other than removal was reasonably available to adequately safeguard the children from the risk of harm. The trial court ordered that the children should not be returned to respondent's care and the DHHS should initiate proceedings to terminate respondent's parental rights. Respondent now appeals.

## II. ANALYSIS

Respondent argues that trial counsel provided ineffective assistance of counsel by failing to ensure that respondent was properly served with the petition; as a result, respondent asserts that she was unaware of the specific allegations in the petition, and was unable to argue for the return of PV and BLL to her care on the basis that the allegations in the petition addressed only BRL. We disagree.

The right to the assistance of counsel in criminal cases is guaranteed by both the Michigan and United States Constitutions. US Const, Am VI; Const 1963, art 1, § 20; *In re Casto*, 344 Mich App 590, 611; 2 NW3d 102 (2022). "Given the nature of accusations and consequences in child-protective proceedings, this right has been extended to these civil proceedings." *Id*. at 611. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *Id*. at 610 (quotation marks and citation omitted). This Court reviews a trial court's factual findings for clear error and questions of law de novo. *Id*. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*.

---

following: (*i*) abandonment of a young child, (*ii*) criminal sexual conduct involving penetration or attempted penetration, (*iii*) battering, torture, or other severe physical abuse, (*iv*) loss or serious impairment of a limb or organ, (*v*) life-threatening injury, (*vi*) murder or attempted murder, (*vii*) voluntary manslaughter, and (*viii*) aiding and abetting, conspiring or attempting to commit murder or voluntary manslaughter. MCL 712A.19b(3)(k)(*i*)-(*viii*). The petition did not specify under which subsection of MCL 712A.19b(3)(k) petitioner was seeking termination.

(quotation marks and citation omitted). When, as here, the ineffective assistance of counsel claim is unpreserved, this Court's review is limited to errors apparent on the record. *People v Spaulding*, 332 Mich App 638, 656; 957 NW2d 843 (2020).

A respondent asserting a claim of ineffective assistance of counsel must show that "(1) counsel's performance was deficient, falling below an objective standard of reasonableness, and that (2) the deficient performance prejudiced the respondent." *In re Lovitt*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 6 (quotation marks and citation omitted). To establish prejudice, a respondent claiming ineffective assistance of counsel "must show that but for counsel's deficient performance, a different result would have been reasonably probable." *Id*. (quotation marks and citation omitted). "There is a strong presumption that trial counsel's decision-making is the result of sound trial strategy," *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021), "and a party claiming ineffective assistance bears a heavy burden of proving otherwise," *In re Lovitt*, ___ Mich App at ___; slip op at 6 (quotation marks and citation omitted). When reviewing claims of ineffective assistance of counsel, this Court "cannot substitute its judgment for that of counsel's on matters of litigation strategy, and counsel's performance must be judged on the basis of the knowledge, expertise, and information reasonably available when counsel formulated and implemented the litigation strategy." *In re Casto*, 344 Mich App at 612.

When a child protective proceeding commences with a child's emergency removal from a respondent's care, MCR 3.963(A)(3) obligates the DHHS to immediately seek an ex parte placement order under MCR 3.963(B)(4). *In re McCarrick/Lamoreaux*, 307 Mich App 436, 447; 861 NW2d 303 (2014). MCR 3.963(B)(1) provides that a court may enter an order authorizing the removal of a child from a parent's care when the court has reasonable cause to believe that (1) the child is at substantial risk of harm or is in surroundings that present an imminent risk to the child's safety and the child's immediate removal is necessary to protect the child's health and safety, (2) the circumstances warrant issuing an order pending a hearing in accordance with MCR 3.965, (3) reasonable efforts were made to prevent or eliminate the need for the child's removal, consistent with the circumstances, (4) no other remedy except removal is reasonably available to protect the child, and (5) it is contrary to the child's welfare to continue to reside in the parent's home. MCR 3.963(B)(1)(a)-(e). When a court orders the emergency removal of a child before adjudication, the court must conduct an emergency removal hearing in the manner proscribed by MCR 3.965 within 24 hours after the child is taken into custody. MCR 3.965(A)(1). When, as here, the respondent is present at the hearing, "the court must assure that the respondent has a copy of the petition" and "must read the allegations in the petition in open court, unless waived." MCR 3.965(B)(4).

As an initial matter, the record is unclear as to whether respondent was served with the petition in advance of the emergency hearing. The trial court found that notice of the hearing was given as required by law and that "notice was proper for all parties," but the fact that respondent received notice of the hearing does not demonstrate that respondent was served with the petition. The record does not contain a proof of service indicating that respondent was served with the petition at any time before or during the preliminary hearing. Further, the referee did not assure at the preliminary hearing that respondent received a copy of the petition as required by MCR 3.965(B)(4), nor did the referee inquire into whether respondent received a copy of the petition. But the mere fact that the record does not contain evidence demonstrating that respondent *was* served does not necessarily mean that respondent *was not* served with the petition. The record is

similarly devoid of any evidence demonstrating that respondent was not served with the petition. Thus, the record is unclear as to whether respondent was served with the petition in advance of the preliminary hearing. Because respondent has the burden of establishing the factual predicate for her ineffective assistance claim, *People v White*, 331 Mich App 144, 148; 951 NW2d 106 (2020), and because respondent's ineffective assistance claim with respect to service is predicated upon her assertion that she was not served with the petition, respondent has failed to establish the factual predicate for this claim of ineffective assistance.

Notwithstanding the lack of clarity in the record regarding whether respondent was served with the petition before the preliminary hearing, respondent has failed to establish that trial counsel was ineffective for failing to ensure that respondent was served with the petition because respondent has not established that she was prejudiced by the alleged lack of service. Respondent argues that trial counsel's failure to ensure that she was served with the petition deprived respondent of the ability to argue for the return of PV and BLL on the basis that the allegations in the petition pertained only to BRL; but respondent presents no authority to support the assertion that the petition must allege abuse or neglect experienced by each child subject to the petition to warrant an order removing a respondent's children from his or her care. Further, "the doctrine of anticipatory neglect allows an inference that a parent's treatment of one child is probative of how that parent may treat other children." *In re Kellogg*, 331 Mich App 249, 259; 952 NW2d 544 (2020). Accordingly, the trial court was permitted to infer from the allegations of abuse as to BRL that (1) PV and BLL were at a substantial risk of harm or were in surroundings that presented an imminent risk to their safety and their removal was necessary to protect their health and safety, (2) the circumstances warranted issuing an order pending a hearing in accordance with MCR 3.965, (3) no other remedy except removal was reasonably available to protect PV and BLL, and (4) it was contrary to the welfare of PV and BLL to remain in respondent's home.

To establish prejudice, a respondent claiming ineffective assistance of counsel "must show that but for counsel's deficient performance, a different result would have been reasonably probable." *In re Lovitt*, ___ Mich App at ___; slip op at 6. The referee relied upon the allegations contained in the petition in issuing the ex parte order removing respondent's children from her care; thus, the referee was presumably aware that the petition only alleged abuse as to BRL. Further, respondent has not demonstrated that removing PV and BLL from respondent's care in the absence of abuse allegations specific to PV and BLL was error. Accordingly, respondent has failed to show that, had she received the petition and argued for the return of PV and BLL on the basis that the allegations in the petition pertained only to BRL, it is reasonably probable that the trial court would have ordered the return of PV and BLL to respondent's care. Because respondent has failed to establish that she was prejudiced by trial counsel's allegedly deficient performance, respondent has failed to establish that she is entitled to relief on this basis.

Next, respondent argues that trial counsel provided ineffective assistance by failing to challenge the trial court's finding that it was contrary to the welfare of PV and BLL to remain in respondent's care. We again disagree.

Respondent has not established that trial counsel provided ineffective assistance of counsel by failing to challenge the trial court's finding that it was contrary to the welfare of PV and BLL to remain in respondent's care. MCR 3.963(B)(1)(e) requires that a trial court issuing an order taking a child into protective custody make specific findings of fact that it is contrary to the welfare

-4-

of the child to remain in the respondent's care. Here, the trial court found that there was reasonable cause to believe that (1) the children were at substantial risk of harm or were in surroundings that presented an imminent risk of harm, and the children's immediate removal from those surroundings was necessary to protect the children's health and safety, (2) the circumstances warranted issuing an order removing the children from respondent's care, (3) continuing to reside in respondent's care was contrary to the welfare of the children, (4) no remedy other than removal was reasonably available to protect the children, and (5) consistent with the circumstances, reasonable efforts were made to prevent or eliminate the need for removal of the children. The trial court found that it was contrary to the welfare of the children to remain in respondent's care after all the alleged abuse of BRL. The trial court also noted that the reasonable efforts made to prevent or eliminate the need for removal included petitioner's review of respondent's CPS history, parental and family interviews, hospital and medical staff interviews, review of medical documents, and a team meeting. The trial court, therefore, made all necessary findings to order the removal of respondent's children from her care under MCR 3.963(B)(1).

While it is true that these findings all pertain to BRL, and that the trial court made no findings specific to PV or BLL, respondent has not presented any authority requiring a trial court to make findings of fact specific to each child subject to removal. Further, under the doctrine of anticipatory neglect, the trial court was permitted to infer that it was contrary to the welfare of PV and BLL to remain in respondent's care based upon its findings with respect to the alleged abuse of BRL. *In re Kellogg*, 331 Mich App at 259. Thus, an objection to the trial court's finding on this basis would be meritless, and counsel is not ineffective for failing to raise a futile objection or advance a meritless argument. *Isrow*, 339 Mich App at 532. Thus, respondent has not established that trial counsel's failure to challenge the trial court's finding, that it was contrary to the welfare of PV and BLL to remain in respondent's care, constituted ineffective assistance of counsel.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ David H. Sawyer